IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES SAMUEL,[1] <br>     Plaintiff, <br><br> v. <br><br> FOREMOST INSURANCE <br> COMPANY, GRAND RAPIDS, <br> MICHIGAN, <br>     Defendant. | ) <br> ) <br> ) <br> )   CIVIL ACTION NO. 2:22-00130-KD-N <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

This civil action is before the Court *sua sponte* on review of its subject-matter jurisdiction.[2] Upon due consideration, the Plaintiff will be ordered to file an amended complaint to correct defects in his jurisdictional allegations.

---

[1] The Plaintiff is identified as Charles Samuels on the docket, but the complaint spells his last name as "Samuel." (*See* Doc. 1, PageID.1). The Clerk of Court is **DIRECTED** to update the docket to identify the Plaintiff as "Charles Samuel," consistent with the complaint.

[2]     "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

    Generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

"A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…" *See* Fed. R. Civ. P. 8(a)(1). The Plaintiff's complaint (Doc. 1) alleges diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for subject matter jurisdiction.[3]

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519

---

[3] The Plaintiff incorrectly claims that "[v]enue is proper in this Court" under § 1332. (Doc. 1 ¶ 5, PageID.1). Section 1332 concerns subject-matter jurisdiction over a civil action, not venue, which is instead generally governed by 28 U.S.C. § 1391.

F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[4] Additionally, "[i]n order to invoke a federal court's diversity jurisdiction, a plaintiff must claim … that the amount in controversy exceeds $75,000." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…")).

The only named defendant, Foremost Insurance Company Grand Rapids, Michigan, is alleged to be "a Michigan company licensed to do and doing business in Wilcox County, Alabama at all times material hereto." (Doc. 1 ¶ 3, PageID.1). However, the Plaintiff does not specify whether Foremost is a corporation or some other kind of artificial entity, and the Plaintiff has not properly alleged Foremost's citizenship regardless of which it is. If Foremost is a corporation, then, subject to inapplicable exceptions, it is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). While the Plaintiff's allegation

---

[4] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.'" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

that Foremost is a "Michigan company" presumably means it was organized under that state's laws, the Plaintiff has failed to allege "the State or foreign state where [Foremost] has its principal place of business." If, on the other hand, Foremost is some other, unincorporated artificial entity (e.g., limited liability company, partnership), then it "possesses the citizenship of all its members[,]" *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (per curiam) ("[F]or purposes of diversity of citizenship, … a limited liability company is a citizen of any state of which a member of the company is a citizen."), and the Plaintiff must therefore "list the citizenships of all [Foremost's] members…" *Rolling Greens*, 374 F.3d at 1022. *Accord Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam). This "can require tracing through several layers." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)).[5] Accordingly, the Plaintiff must affirmatively

---

[5] *See also Azzo v. Jetro Rest. Depot, LLC*, No. 3:11-CV-324-J-34JRK, 2011 WL 1357557, at *2 n.2 (M.D. Fla. Apr. 11, 2011) (in pleading the citizenships of the members, "each member's citizenship must [also ]be properly alleged, be it an individual, corporation, LLC, or other entity"); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of. And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out

allege whether Foremost is a corporation or some other, unincorporated entity. If it is a corporation, the Plaintiff must allege "every State and foreign state by which [Foremost] has been incorporated and of the State or foreign state where it has its principal place of business." If Foremost is unincorporated, then the Plaintiff must affirmatively identify its members and properly allege their citizenships.[6]

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Upon consideration, the Plaintiff is **ORDERED** to file, no later than **APRIL 7, 2022**, an amended complaint that corrects the above-noted deficiencies in his allegations supporting diversity jurisdiction under § 1332(a), or that alleges some alternative basis for subject-matter jurisdiction. In filing the amended complaint, the Plaintiff must abide by the following directives:

- The amended complaint, which will become the operative complaint in this

---

to be another LLC, thereby restarting the process of identifying the members of that LLC.").

[6] The complaint sufficiently alleges that the Plaintiff, a natural person, is a "citizen" of Alabama. *See* (Doc. 1 ¶ 1, PageID.1); *Taylor*, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."). Moreover, in the same paragraph where the Plaintiff invokes § 1332, the Plaintiff alleges that "[t]his Court has jurisdiction over this action as the minimum amount in controversy is present." (Doc. 1 ¶ 5, PageID.1). The undersigned finds this allegation sufficient to claim that the amount in controversy exceeds § 1332(a)'s jurisdictional minimum.

action,[7] "must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference[,]" *see* S.D. Ala. CivLR 15(a); and

- the Plaintiff must file the amended complaint as a freestanding pleading and <u>not</u> as an exhibit attached to a notice, motion, etc.

Any filing made in contravention of these directives will be deemed nonresponsive to this order and will be summarily ordered stricken. The failure to file an amended complaint as ordered, or the failure to adequately allege a basis for subject matter jurisdiction in the amended complaint, will result in entry of a recommendation that this action be dismissed *sua sponte* for lack of subject matter-jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**DONE** and **ORDERED** this the 31st day of March 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g.*, *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").