IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES SAMUEL,        Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION 2:22-00130-KD-N |
| FOREMOST INSURANCE COMPANY, GRAND RAPIDS, MICHIGAN,        Defendant. | ) ) ) ) | |

**ORDER**

This matter is before the Court on a *sua sponte* review of the record prompted by the pending motion for summary judgment (Docs. 22, 24-25) -- a review which resulted in the Court's inquiry into its federal subject matter jurisdiction prompting a show cause order (Doc. 26), Plaintiff's Response (Doc. 27), and Defendant's Reply (Doc. 29).

On March 28, 2022, in connection with the destruction of his mobile home by a fire and a subsequent insurance claim, Plaintiff Charles Samuel (Samuel) initiated this action asserting breach of contract and bad faith claims against Defendant Foremost Insurance Company Grand Rapids, Michigan (Foremost) on the basis of federal diversity subject matter jurisdiction, 28 U.S.C. § 1332(a).[1] (Doc. 1). As explained in the Court's July 14, 2023 show cause order (Doc. 26), Samuel's operative First Amended Complaint alleges as follows:

> 1. Plaintiff Charles Samuel is a resident of Clarke County, Alabama aged nineteen (19) years or older …
> ***
> 3. Defendant Foremost Insurance Company Grand Rapids, Michigan, ("Foremost") is a foreign Michigan corporation licensed to do and doing business in Wilcox County, Alabama at all times material hereto. Foremost's principal place of business is in Grand Rapids, Michigan and Foremost is not incorporated under the laws of the state of Alabama …
> ***

---

[1] "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds that sum or value of $75,000, exclusive of interest and costs*,* and is between -- . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

1

> 5. This Court has jurisdiction over the action as the minimum amount in controversy is present. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 – Diversity of citizenship.

(Doc. 4 at 1-2 (First Am. Compl.)). Additionally, Foremost's Answer admitted that federal diversity jurisdiction exists. (Doc. 6 at 1). However, as noted by this Court in the show cause order, Samuel's alleged damages are indeterminate and appear far short of the jurisdictional requirement:

> Samuel alleges . . . his damages include: (a) the cost of repairs to the mobile home, (b) costs to replace his personal property, (c) alternative living expenses, and (d) mental anguish and emotional distress. (Doc. 4 at 2 ¶10). In the Examination Under Oath, submitted by Foremost on summary judgment, Samuel stated that he purchased the mobile home for $7,000. (Doc. 22-2 at 7 (EUO Samuel at 16)). In his response to Foremost's Interrogatories, Samuel claimed he is owed approximately $6,500 for personal property damage. (Doc. 22-13 at 6 (Interrog. #8)). Samuel's alternative living expenses and mental anguish and emotional distress damages remain unknown . . . the only information before the Court as to the amount in controversy is the sum of $7,000 and $6,500 which totals $13,500.

(Doc. 26 at 2). On summary judgment, Samuel also abandoned his bad faith claim: "Samuel admits that the record evidence does not support a finding that Foremost's actions constituted bad faith. That claim is therefore due to be dismissed." (Doc. 24 at 14). Due to the foregoing, in keeping the continuing duty to ensure federal jurisdiction exists, upon *sua sponte* consideration the Court ordered Samuel to show cause explaining how the amount in controversy is satisfied. (Doc. 26).[2]

On July 24, 2023, Samuel filed his Response. (Doc. 27). In his response Samuel "admits that his damages are less than the statutory minimum of $75,000 and the proper venue is the Circuit Court of Clarke County, Alabama." (Id. (emphasis added)). On July 25, 2023, the Court ordered Foremost to file a Reply to Samuel's Response -- giving all parties the opportunity to be heard on the matter of federal jurisdiction.[3] (Doc. 28). On July 29, 2023, Foremost filed its Reply. (Doc. 29). In so doing,

---

[2] The diversity of citizenship of the parties appears to be satisfied.

[3] Before acting on its own, a court must accord parties fair notice and an opportunity to present their positions. McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1312 (11th Cir. 2021). Put another way, "[a] district court may *sua sponte* dismiss an action if the court employs a fair procedure." Westley v. Alberto, 703 Fed. Appx. 727, 731 (11th Cir. 2017) (citing Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th

Foremost argues "the amount in controversy was met at the time of the filing" of the original complaint, and that Samuel's "response is unclear as to whether the Plaintiff is contending that his damages are now less than the statutory minimum or the statutory minimum was not satisfied at the time of the filing of the lawsuit." (Id. at 2). As grounds, Foremost asserts:

> . . . . Plaintiff prior to suit being filed had made a demand upon it for the insurance replacement cost limits of the trailer ($80,000)[1], for damaged contents ($7,500), and for an unspecified amount of ALE. [Docs. 4 and 6]. It was Foremost's understanding that these claimed amounts, considering that the case also involved a bad faith claim[2], was made in good faith by the Plaintiff and satisfied the jurisdictional amount <u>at the time of filing</u>.
>
> > [FN 1] Although Plaintiff only paid $7,000 for the trailer, the policy affords up to $80,000 for the replacement of the trailer.
> >
> > [FN 2] A bad faith claim would allow for the claim of mental anguish damages and punitive damages. Punitive damages may be included in the amount of controversy if awardable under applicable state law.

(Doc. 29 at 1-2 (emphasis added)). Further, Foremost contends that because this case originated in federal court (was not removed) on the basis of diversity, the "court examines the complaint and determines whether it contains factual allegations sufficient to establish the required amount in controversy." (Id.). In support, Foremost cites <u>Adams v. Reliance Standard Life Ins. Co.</u>, 225 F.3d 1179, 1183 (10th Cir. 2000) (discussing the "legal certainty" test in <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288-289 (1939)). (<u>Id.</u>)

<u>First</u>, Foremost correctly argues the Court's jurisdictional review is limited to Samuel's allegations "at the time of filing the lawsuit" -- *i.e.*, the original complaint -- such that the operative First Amended Complaint and/or any subsequent filings cannot be considered. While diversity jurisdiction is determined at the time of the filing of a complaint,[4] the Court at all times retains an

---

Cir. 2011)). "A fair procedure generally requires notice to the parties of the court's intent to dismiss the action and an opportunity to respond." Id. The parties have been accorded fair notice and opportunity.

[4] <u>PTA–FLA, Inc. v. ZTE USA, Inc.</u>, 844 F.3d 1299, 1306 (11th Cir. 2016).

independent responsibility to ensure diversity jurisdiction is properly invoked, and this responsibility is ongoing and exists throughout the pendency of a case. Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises[]" (emphasis added)). The Federal Rules of Civil Procedure specify: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. Rule 12(h)(3) (emphasis added).[5]

Samuel's original complaint and First Amended Complaint are identical regarding the amount in controversy allegations; both are indeterminate and conclusory regarding the amount in controversy. Both allege only: "[t]his Court has jurisdiction over the action as the minimum amount in controversy is present." (Docs. 4, 6). And Samuel has now conceded that the amount in controversy is lacking. (Doc. 27).

Second, Foremost argues that Samuel provided the following "claimed amounts" satisfying the jurisdictional amount at the time of filing: "insurance replacement cost limits of the trailer ($80,000) [the dwelling policy limits], for damaged contents ($7,500), and an unspecified amount of ALE. [Docs. 4 and 6]." (Doc. 29 at 1 and n.1). Per Foremost, these sums coupled with Samuel's bad faith claim, led to its "understanding" that the amount in controversy was satisfied.

---

[5] "At any time" means even at the summary judgment stage of the litigation. See, e.g., Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003) (holding that -- even when discovery is complete, the record is closed, and the case is at the summary judgment stage -- a court improperly entered summary judgment and "should have [instead] dismissed … [those] … claims [over which it lacked subject-matter jurisdiction], *sua sponte* if necessary, pursuant to Fed. R. Civ. P. 12(h)(3)"); Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1333 (11th Cir.1998) (explaining that because "federal jurisdiction cannot be found … the district court's entry of summary judgment was a nullity[]"); Goodman ex rel. Goodman v. Sipes, 259 F.3d 1327, 1332 n.6 (11th Cir. 2001) ("[S]ummary judgment … is not the correct procedure for dismissing based on lack of subject matter jurisdiction because 'a grant of summary judgment is a decision on the merits … [but] a court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction[]'"); Jenkins v. Lennar Corp., 216 Fed. Appx. 920, 921 (11th Cir. 2007) ("[W]hen the district court lacks subject-matter jurisdiction, it should dismiss the complaint '*sua sponte* if necessary, pursuant to … 12(h)(3)' instead of entering summary judgment on the merits.").

As to the "claimed amount" of the dwelling policy limits ($80,000), Samuel asserts no such allegation. And as noted in the show cause order, this case concerns an insured's right to coverage for a specific claim (versus the validity of a policy) meaning that the policy limits are irrelevant. See, e.g., Employers Mut. Cas. Co. v. Parker Towing Co., Inc., 2007 WL 4577705, *2 (S.D. Ala. Dec. 27, 2007). In its Motion for Summary Judgment, Foremost actually asserts that "when the claim was submitted Samuel failed to submit a proof of loss form setting forth the amount of damages being claimed, although repeatedly requested … It was Foremost understanding that [Samuel] was claiming the policy limits of $40,000." (Doc. 22 at 9). Thus, Foremost's representations in its Reply -- regarding the amount in controversy -- are inconsistent with its prior representation to the Court.

Additionally, as noted in the show cause order, Samuel does not allege a "claimed amount" for "replacement cost limits" for his trailer. Rather, Samuel seeks "the costs of repairs to the mobile home." (Doc. 4 at 2 (emphasis added)). Even *if* the trailer's replacement cost was at issue, the record indicates Samuel purchased his trailer for $7,000. (Doc. 22-2 at 7 (EUO Samuel at 16)).

Moreover, Foremost contends that Samuel alleges the "claimed amount" of $7,500 for damaged contents. Samuel asserts no such allegation. In his response to Foremost's Interrogatories, Samuel claimed that he is owed $6,500 for personal property damage. (Doc. 22-13 at 6 (Interrog. #8)). The record thus indicates $6,500, not $7,500, for such damages.

Further, there is no "claimed amount" for unspecified alternative living expenses. There is nothing in the record indicating this amount. Foremost neither addresses this item nor asserts that such supports the amount in controversy being satisfied in this case. This sum remains unknown.

Finally, Foremost makes a conclusory argument that the amount in controversy is satisfied due to Samuel's bad faith claim for its "refusal to adjust and pay the claim(s)" (Doc. 4 at 3). This is based on Foremost's reference to the potential recoverability of punitive damages regarding "mental anguish and emotional distress." (Doc. 4 at 2 ¶10). At the outset, this bad faith claim is indeterminate. Although Foremost suggests otherwise, "there is nothing talismanic about such a demand [for punitive damages]

that would *per se* satisfy the amount-in-controversy requirement …" Boehm v. Terminix Int'l Co. Ltd. Pp, 2022 WL 229890, *3 (S.D. Ala. 2022) (citing Lambeth v. Peterbilt Motors Co., 2012 WL 1712692, *4 (S.D. Ala. May 15, 2012)). Indeed, a demand for both compensatory and punitive damages does not make it facially apparent that more than $75,000 is in controversy. Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001). See also Blount v. Coe Mfg. Co., 2020 WL 1866190, *2 (S.D. Ala. Apr. 14, 2020) (explaining that the defendant's assertion that a demand for punitive damages automatically makes it facially apparent from complaint that amount in controversy exceeds $75,000 was "flatly incompatible" with Williams). In this case, there is no specified bad-faith damages sum, and neither party has offered no evidence to show that the claim would satisfy the amount in controversy. Any damages that Samuel (as the insured) *might* recover for a bad-faith claim are "indeterminate" because he has not placed any dollar amount on the damages being sought. Foremost's unilateral speculation will not otherwise "render the amount in controversy determinate." Doane v. Tele Circuit Network Corp., 852 Fed. Appx. 404, 407 (11th Cir. 2021).[6]

Thus, based on the foregoing, and a review of the jurisdictional allegations in this case, the Court finds that Samuel's allegation in his complaint for compensatory and punitive damages fails to satisfy the amount in controversy.

Third, citing the First Amended Complaint (Doc. 4) and its Answer (Doc. 6), Foremost argues that the foregoing "claimed amounts" are the result of Samuel "*prior to suit being filed* … ma[king] a demand upon it[.]" (Doc. 29 at 1 (emphasis added)). Foremost has submitted no evidence of a pre-suit

---

[6] Samuel sought to invoke federal jurisdiction when he filed the Complaint; however, he has now conceded that jurisdiction is lacking. As stated in Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003): "where jurisdiction is based on a claim for indeterminate damages …. the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." When the party has "not placed any dollar amount on the various damages it is seeking … the damages … under the bad faith claim are indeterminate." Id. at 808. "[M]ere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature" of such a claim (referencing prior Alabama cases with awards of punitive damages for bad faith failure to pay claims in excess of $75,000), and "fail[s] to prove by a preponderance of the evidence" that the amount in controversy was met. Id. at 809.

demand by Samuel. Document 6 is Foremost's Answer, which simply "admits" jurisdiction, but provides no support for its current assertion.

Fourth, "[P]laintiffs are 'the master of the complaint' …" Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013). How a plaintiff chooses to frame his claims is his choice. Still, the Court must ensure that federal jurisdiction exists. And this duty exists at all times. Samuel filed his case in this Court on the basis of federal diversity subject matter jurisdiction. Samuel only makes a conclusory allegation that the amount in controversy is met, failing to state specific damages. Thus, Samuel's amount in controversy (and damages) are indeterminate.

Samuel sought to invoke federal diversity jurisdiction by pleading an unspecified amount of damages. Samuel bears the burden of proving by a preponderance of the evidence that his claim exceeds the amount in controversy. See McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1312 (11th Cir. 2021).[7] Review of the pending summary judgment motion prompted the Court's *sua sponte*

---

[7] When a plaintiff "pleads an unspecified amount of damages, [she] bears the burden of proving by a preponderance of the evidence that the claim on which jurisdiction is based exceeds the jurisdictional minimum." McIntosh, 5 F.4th at 1312. Foremost's reliance on a non-binding Tenth Circuit case citing *Red Cab Co.,* urging the application of a "legal certainty" burden on Samuel, lacks merit. As the Eleventh Circuit explained in McIntosh (a case in which the plaintiff did not concede jurisdiction), the legal certainty test is disregarded when a plaintiff pleads an unspecified or indeterminate amount of damages, and the preponderance of the evidence burden instead applies:

> When a court conducts a facial review of a complaint to determine whether it has diversity jurisdiction, it must accept the plaintiff's factual allegations. See *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). And, taking those factual allegations as true, the court can dismiss only if it is convinced "to a legal certainty" that the claims of the plaintiff in question will not exceed $75,000 (the current jurisdictional threshold). See *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 346, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 354, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018); *Deen v. Egleston*, 597 F.3d 1223, 1228 (11th Cir. 2010).
>
> But where, as here, a plaintiff "pleads an unspecified amount of damages, [she] bears the burden of proving by a preponderance of the evidence that the claim on which jurisdiction is based exceeds the jurisdictional minimum. This additional requirement is 'warranted because there is simply no estimate of damages to which a court can defer.'" *Fastcase*, 907 F.3d at 1342 (citation omitted).

jurisdictional review and show cause order to which Samuel responded: "Plaintiff admits that his damages are less than the statutory minimum of $75,000 and the proper venue is the Circuit Court of Clarke County, Alabama." (Doc. 27). Thus, Samuel has conceded that federal diversity subject matter jurisdiction does not exist in this case. And Foremost has failed to establish that the amount in controversy at the time of filing met the threshold.

Upon consideration, it is **ORDERED** that this action is **DISMISSED** without prejudice, for lack of federal diversity subject matter jurisdiction.[8]

**DONE** and **ORDERED** this the **15th** day of **August 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

---

McIntosh, 5 F.4th at 1313. See also McKinnon Motors, LLC, 329 F.3d at 808 (footnote omitted):

> Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Red Cab Co.,* 303 U.S. at 289, 58 S.Ct. at 590. However, where jurisdiction is based on a claim for indeterminate damages, the *Red Cab Co.* "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356–57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1072–77 (11th Cir. 2000).[]

[8] "If subject-matter jurisdiction does not exist, dismissal must be without prejudice." McIntosh, 5 F.4th at 1313. See also e.g., Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("[a] dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice[]") (citation omitted).